IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAIL KING INDUSTRIES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:24-cv-4164 |
| UNITED STATES OF AMERICA. | § § § § | |
| Defendant. | § § | |

**COMPLAINT FOR REFUND OF FEDERAL EXCISE TAXES**

Plaintiff Trail King Industries, Inc. ("Trail King"), hereby files this Complaint for Refund of Federal Excise Taxes that were erroneously collected and illegally retained by Defendant, United States of America, and as a basis for this Complaint alleges as follows:

**PRELIMINARY STATEMENT**

1. Trail King's action arises under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of federal excise taxes (the "FET") erroneously collected and illegally retained by Defendant from Trail King for the first quarter of 2017 through the second quarter of 2019 (the "Taxable Quarters at Issue"), plus any penalties and statutory interest thereon as provided by law.

**THE PARTIES**

2. Plaintiff Trail King Industries, Inc., headquartered in Mitchell, South Dakota, is a leading manufacturer of trailers in North America. Trail King designs, engineers, and manufactures trailers to serve a wide variety of applications for diverse markets, including construction, agriculture, transportation, waste and recycling, and specialized hauling. Trail King

is a corporation existing under the laws of the State of South Dakota. Its Federal Employer Identification Number is XX-XXXXX93.

3. Defendant is the United States of America.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422 because Defendant erroneously collected and illegally retained the FET from Trail King and Trail King timely filed a refund claim with respect to the FET.

5. For each of the Taxable Quarters at Issue, Trail King timely filed Internal Revenue Service ("IRS") Forms 720, Quarterly Federal Excise Tax Return. During the 2019 examination of the Taxable Quarters at Issue, the IRS proposed adjustments, pursuant to 26 U.S.C. § 4051, to increase Trail King's FET associated with Trail King's sale of Advantage Series OLB Live Bottom Trailers ("OLB Trailers"). The IRS proposed adjustments allowed for a credit against the FET, pursuant to 26 U.S.C. § 4051(d), for the tire tax imposed by 26 U.S.C. § 4071 and paid by Trail King. Trail King formally protested the proposed adjustment to its FET on February 6, 2020, and on March 6, 2020, the matter was transferred to the IRS Independent Office of Appeals (the "Appeals Office"). The case was closed as unagreed on April 28, 2023.

6. As required by 26 U.S.C. § 7422 as a prerequisite to filing this suit for recovery, Trail King paid the FET for each of the Taxable Quarters at Issue on June 1, 2023. On September 11, 2023, the IRS assessed the FET in dispute and applied Trail King's June 1, 2023 payment to the assessed amount. On September 12, 2023, October 24, 2023 and November 7, 2023, the IRS refunded Trail King approximately $533,637 in interest and penalties for which Trail King had overpaid but, for reasons unknown to Trail King, reduced from the amount to be refunded tire tax credits for certain periods which Trail King had applied pursuant to 26 U.S.C. § 4051(d) for a net

refund of $483,875.  On December 28, 2023, the IRS assessed additional tax totaling $102,769 without explanation.  On or about March 1, 2024, Trail King filed IRS Form 720-X, Amended Quarterly Federal Excise Tax Return, for each of the Taxable Quarters at Issue pursuant to 28 U.S.C. 6511(a).  On each of Trail King's IRS Forms 720-X, it claimed refunds of FET paid on June 1, 2023, net of the tire tax credits (the "Refund Claims").

7. As of the date of this Complaint, six months have expired since Trail King filed the Refund Claims and the IRS has not formally disallowed the Refund Claims.  This Court has jurisdiction to hear this action pursuant to 26 U.S.C. § 6532(a) because Trail King: (a) has made full payment of the FET in dispute; (b) timely filed the Refund Claims; and (c) filed this Complaint after six months of filing the Refund Claims and within the applicable statute of limitations.  *See* 26 U.S.C. § 6532.

8. Venue for this action is proper in the United States District Court for the District of South Dakota under 28 U.S.C. § 1402(a)(2) because Trail King's principal place of business is located at 300 E. Norway Avenue, Mitchell, South Dakota 57301.

## JURY DEMAND

9. Trail King hereby demands that a jury hear all issues that are triable by a jury.  Fed. R. Civ. P. 38.

## ALLEGATIONS

10. Trail King is a manufacturer of trailers in North America.  It produces approximately 40 different types of trailers that are used in construction, agriculture, transportation, waste and recycling, and specialized hauling.  One such variety of trailer is the OLB Trailer, the sale of which gave rise to the FET in dispute.  The OLB Trailer series has essentially

remained the same in fit, form, and function since Trail King began its manufacture and sale of the OLB Trailer in 2000. Most of Trail King's sales of the OLB Trailers are to dealers for resale.

11. Pursuant to 26 U.S.C. § 4051, an excise tax is imposed on certain heavy trucks and trailers sold at retail. As part of an IRS examination in 2003, Trail King and the IRS exam team sought technical assistance from the Office of Associate Chief Counsel regarding whether Trail King was liable for excise tax under 26 U.S.C. § 4051(a)(1) in relation to the sale of OLB Trailers.

12. On November 1, 2004, the IRS issued Trail King a Technical Advice Memorandum ("TAM") finding that Trail King's retail sales of the trailers were exempt from the federal excise tax imposed by 26 U.S.C. § 4051(a)(1). *See* Exhibit A, TAM 200504034 (Jan. 28, 2005). Specifically, the TAM found that OLB Trailers were not "highway vehicles" subject to the tax imposed by 26 U.S.C. § 4051.

13. A TAM is designed to provide guidance to IRS personnel on the interpretation and application of the tax law to a specific set of facts. TAMs may be used in response to any technical or procedural question that develops during any proceeding. Rev. Proc. 2004-2, § 1.02[1]; Rev. Proc. 2024-2, § 3.01. A TAM that is favorable to a taxpayer is binding on the IRS with regard to the taxpayer who is the subject of the TAM unless or until it is subsequently withdrawn, modified, or revoked. *See* Rev. Proc. 2024-2, § 12.01 ("After a TAM is issued, the field office must process the taxpayer's case on the basis of the conclusions in the TAM."); Rev. Proc. 2004-2 § 14.01; Rev. Proc. 2024-2, § 13.03 ("***If an issue addressed in the TAM relates to a continuing action or series of actions, it is generally applied until it is withdrawn or until the conclusion is modified or revoked*** by a final decision in favor of the taxpayer with respect to that issue, the enactment of legislation, the ratification of a tax treaty, a decision of the United States Supreme Court, or the

---

[1] Rev Proc. 2004-2, the version of the Revenue Procedure in force in the year in which the TAM was issued, has since been superseded. Rev. Proc 2024-2 provides the current procedural guidance.

issuance of temporary regulations, final regulations, a revenue ruling, or other statement published in the Internal Revenue Bulletin.") (emphasis added).

14. Defendant does not dispute that, following its issuance on November 1, 2004, it never formally withdrew, modified, or revoked TAM 200504034. Instead, Defendant has asserted that the passage of the American Jobs Creation Act of 2004 (the "AJCA"), which introduced a statutory definition of an off-highway vehicle applicable to determining exemption to the FET imposed pursuant to 26 U.S.C. § 4051, *before* the IRS issued TAM 200504034 operatively revoked TAM 200504034. Defendant's position was never communicated to Trail King prior to the 2019 IRS examination and TAM 200504034 was never modified or revoked.

15. Following the issuance of TAM 200504034, Trail King relied in good faith on the TAM, applying the "off-highway" exemption to the OLB Trailers in subsequent tax periods. Defendant has not disputed that Trail King's sale of the OLB Trailers constituted a continuing action, or otherwise pointed to any change in the OLB Trailers relevant to the applicability of 26 U.S.C. § 4051 and the off-highway exemption thereto.

16. Nearly 15 years after the issuance of TAM 200504034, the IRS initiated an examination of Trail King's Forms 720 for the Taxable Quarters at Issue, including the application of the FET contemplated in 26 U.S.C. § 4051. During the examination, the IRS exam team offered Trail King a "special allowance" to secure certificates for the sale of the OLB Trailers to Network Dealers substantiating that the OLB Trailers qualified for an exemption from FET. Acting at the IRS's direction, Trail King obtained exemption certificates from its Network Dealers representing approximately 86% of all OLB Trailer sales during the Taxable Quarters at Issue.

17. But after Trail King submitted the certificates, the IRS exam team, without explanation, reversed course, disregarding the exemption certificates, TAM 200504034 and the

legal effect of Revenue Procedures 2004-2 section 15.04 (and successor Revenue Procedures) providing that a taxpayer may rely on a TAM when it relates to a "continuing action." As a result, the IRS exam team assessed more than $3 million of FET on sales of the OLB Trailers pursuant to 26 U.S.C. § 4051. Compounding the harm, the IRS additionally, and without explanation, withheld $74,400 from refund payments equivalent to tire tax credits for certain taxable periods as available under 26 U.S.C. § 4051(d).

The following table is a summary of the FET and tire tax credits in dispute:

| **Period** | **Paid FET Increase** | **Withheld Tire Credit** | **Net Penalty and Interest Paid** | **Total Refund Request Per Period** |
|---|---|---|---|---|
| Mar-17 | $357,673.74 | $13,500.00 | $104,198.42 | $475,372.16 |
| Jun-17 | $562,397.29 | $15,300.00 | $160,839.38 | $738,536.67 |
| Sep-17 | $591,083.24 | $0.00 | $130,242.94 | $721,326.18 |
| Dec-17 | $171,388.65 | $6,000.00 | $43,542.46 | $220,931.11 |
| Mar-18 | $290,744.18 | $0.00 | $47,939.87 | $338,684.05 |
| Jun-18 | $342,383.71 | $12,300.00 | $76,707.76 | $431,391.47 |
| Sep-18 | $281,495.00 | $8,700.00 | $59,715.27 | $349,910.27 |
| Dec-18 | $54,334.83 | $1,800.00 | $10,539.44 | $66,674.27 |
| Mar-19 | $52,836.56 | $2,100.00 | $9,075.65 | $64,012.21 |
| Jun-19 | $516,464.35 | $14,700.00 | $84,065.28 | $615,229.64 |
| Total | $3,220,801.55 | $74,400.00 | $726,866.48 | $4,022,068.03 |

18. On February 6, 2020, Trail King formally protested the FET assessed by the IRS exam team. The assessment was contrary to the guidance of TAM 200504034. On March 6, 2020, the matter was transferred to the Appeals Office and an Appeals Conference was held on November 12, 2021, with Appeals Officer Kyu Kahn. At the conclusion of the first Appeals Conference, Appeals Officer Kahn stated verbally that she would propose reversing the potential assessment in full subject to approval.

19. Following the November 12, 2021 Appeals Conference, the Appeals Office failed to contact Trail King or take any action until August 26, 2022, when a new Appeals Officer, Keith

6

A. Prohaska was assigned to the case. In another about-face, Mr. Prohaska communicated to Trail King that the Appeals Office would not be relying on any of the work or notes prepared by Officer Kahn. Instead, the second Appeals team made a verbal offer of a de minimis settlement concession of approximately $16,000 (less than ½ of 1% of the proposed assessment). Due to the Appeals Office extended review and reassignment of the case, including duplicative appeals conferences, an additional $250,000 in interest on the proposed assessment accrued unnecessarily.

20. Trail King rejected the de minimis settlement concession. The Appeals Office closed the case as unagreed on April 28, 2023. As required by 26 U.S.C. § 7422 as a prerequisite to filing suit for recovery, Trail King paid the FET assessment with penalties and statutory interest in full on June 1, 2023. Though Trail King properly applied certain tire tax credits to its FET assessment, Defendants, without explanation, reduced Trail King's refund (generated by Trail King's overpayment of penalties and interest) by $74,400. On December 28, 2023, also without explanation, Defendants assessed an additional tax totaling $102,769. On March 1, 2024, Trail King filed Forms 720-X claiming refunds for the Taxable Quarters at Issue.

21. To date, Defendant has improperly and unlawfully failed to refund the FET paid.

## CAUSES OF ACTION

### Count One – Quarter Ending March 31, 2017

22. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

23. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending March 31, 2017. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending March

31, 2017 was $930,877 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $475,372.16 for that quarter.

## Count Two – Quarter Ending June 30, 2017

24. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

25. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending June 30, 2017.  Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending June 30, 2017 was $791,620 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $738,536.67 for that quarter.

## Count Three – Quarter Ending September 30, 2017

26. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

27. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending September 30, 2017. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending September 30, 2017 was $569,060 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $721,326.18 for that quarter.

## Count Four – Quarter Ending December 31, 2017

28. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

29. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending December 31, 2017.

Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending December 31, 2017 was $500,965 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $220,931.11 for that quarter.

### Count Five – Quarter Ending March 31, 2018

30. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

31. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending March 31, 2018. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending March 31, 2018 was $665,926 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $338,684.05 for that quarter.

### Count Six – Quarter Ending June 30, 2018

32. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

33. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending June 30, 2018. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending June 30, 2018 was $865,616 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $431,391.47 for that quarter.

### Count Seven – Quarter Ending September 30, 2018

34. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

35. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending September 30, 2018. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending September 30, 2018 was $1,199,247 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $349,910.27 for that quarter.

### Count Eight – Quarter Ending December 31, 2018

36. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

37. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending December 31, 2018. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending December 31, 2017 was $954,337 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $66,674.27 for that quarter.

### Count Nine – Quarter Ending March 31, 2019

38. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

39. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending March 31, 2019. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending March 31, 2019 was $1,031,708 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $64,012.21 for that quarter.

### Count Ten – Quarter Ending June 30, 2019

40. Trail King realleges and incorporates the preceding paragraphs as if fully set forth herein.

41. Trail King was entitled to rely on TAM 200504034 and apply the "off-highway" exemption to its sale of the OLB Trailers for the taxable period ending June 30, 2019. Because Trail King's federal excise tax liability under 26 U.S.C. § 4051 for the taxable period ending June 30, 2019 was $1,160,930 under the properly-applied guidance of the TAM, Trail King is entitled to a refund of the improperly-assessed $615,229.64 for that quarter.

### PRAYER FOR RELIEF

WHEREFORE, Trail King prays for a judgment against Defendant as follows:

a. That Trail King be refunded the improperly assessed and unlawfully retained $4,022,068.03 and statutory interest thereon.

b. Trail King's costs of this action and for such other, further, and different relief as this Court may deem appropriate.

Dated: September 9, 2024

    */s/ Vince M. Roche*
Vince M. Roche
State Bar Number:  3918
DAVENPORT, EVANS, HURWITZ & SMITH, LLP
206 West 14th Street
PO Box 1030
Sioux Falls, South Dakota 57101-1030
Tel.: (605) 336-2880
Fax: (605) 335-3639
vroche@dehs.com

Shawn O'Brien
Jordan A. Kazlow
MCDERMOTT WILL & EMERY LLP
845 Texas Avenue, Suite 4000
Houston, Texas 77002-1656
Tel.: (713) 982-5635
Fax: (713) 513-5384
sobrien@mwe.com
jkazlow@mwe.com


Edward L. Froelich
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
Tel.: (202) 756-8136
Fax: (202) 756-8087
efroelich@mwe.com


***Counsel for Plaintiff Trail King Industries, Inc.***

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Trail King Industries, Inc.

### DEFENDANTS
United States of America

**(b)** County of Residence of First Listed Plaintiff: **Davison**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vince M. Roche Davenport, Evans, Hurwitz & Smith LLP
206 W. 14th Street, Sioux Falls, SD 57104 (605)336-2880

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [x] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of federal excise taxes.

Brief description of cause:
Complaint for Refund of Federal Excise Tax

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $4,022,068.03

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 09/09/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Vince M. Roche

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.