UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TRAIL KING INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 4:24-CV-04164-RAL <br><br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

On August 29, 2025, Plaintiff Trail King Industries, Inc. filed a Motion for Reconsideration, Doc. 29, pursuant to Federal Rule of Civil Procedure 54(b). Trail King moves this Court to reconsider its Opinion and Order on Defendant United States's Motion to Dismiss for Failure to State a Claim, Doc. 26. Trail King specifically requests that this Court reconsider its dismissal of Trail King's FET "regulatory waiver claim" due to errors of law and fact. Doc. 30 at 1. The United States opposes the Motion for Reconsideration. Doc. 31.

Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] motion for reconsideration serves the limited function 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Woodward v. Credit Serv. Int'l Corp., 132 F.4th 1047, 1058 (8th Cir. 2025) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)) (affirming district court's denial of a motion for reconsideration

where the "request 'identifies no *manifest* errors of law or fact' and merely reargued matters the district court had already considered and rejected"); see also Preston v. City of Pleasant Hill, 642 F.3d 646, 652 (8th Cir. 2011) (affirming district court's denial of motion to reconsider in part because its purpose of "repeating arguments the district court had already rejected" was improper). A motion to reconsider under Rule 54(b) "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending," Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015), and it should not "serve as the occasion to tender new legal theories for the first time," Hagerman, 839 F.2d at 414 (citation omitted). "A district court does not abuse its discretion in denying a motion for reconsideration used for [] an 'impermissible purpose.'" SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019) (citation omitted).

In asking this Court to reconsider its regulatory waiver ruling, Trail King reargues its position on the contemporaneity requirement that this Court has already considered and rejected. See Woodward, 132 F.4th at 1058. Although this area of law is less than abundantly clear, this Court remains comfortable with its ruling on the regulatory waiver issue and does not find its ruling to be a "manifest error[] of law or fact" meriting a grant of Trail King's Motion for Reconsideration. Trail King's ultimate remedy lies with an appeal to the Eighth Circuit following the entry of a final judgment in this case.

For the reasons stated above, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration, Doc. 29, is denied.

DATED this 2nd day of October, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE